UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEVEN ALONZO McDUFFY                    CIVIL ACTION NO. 11-cv-0229

VERSUS                                   JUDGE WALTER

UNKNOWN DEFENDANT                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Steven McDuffy was driving a 2001 Mazda with more than 230,000 miles on it when, according to a police accident report, a car that was leaving a gas station pulled forward and bumped the rear of McDuffy's car, causing what was described as minor damage.  McDuffy did not appear to be injured at the time of the accident, but he later went to the emergency room.

The other car was owned by Heins Enterprises, LLC and insured by Canal Indemnity Company.  According to a letter from a Canal representative that McDuffy filed in the record, Canal paid McDuffy the estimated amount of property damages based on an estimate by McDuffy's repair facility. A conference call was held with McDuffy, a Canal representative, and medical providers to establish the amount of medical bills due.  The bills totaled $1,094.98 for two visits to the emergency room.  Canal offered to pay more than that to resolve the claim, but McDuffy demanded $7,000 to buy a new car because, he claimed, the engine in his Mazda had seized up.  Canal claimed there was no evidence the accident caused damage to the engine.

Plaintiff filed a complaint with this court that states, in its entirety, as follows:

> My car did not get fixed.  My doctor bill did not get paid.  And there was no pain and suffering.  I think I have had enough of their humiliation!

Plaintiff clarified in an amended complaint that the defendants were Heins and Canal.  The defendants filed answers, and a Scheduling Order has issued.

Federal courts are courts of limited jurisdiction, meaning they may hear only those kinds of cases that Congress has authorized.  The only potentially available basis to file a claim of this nature in federal court is to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  That requires that (1) McDuffy be a citizen of a different state than both Canal and Heins and (2) the amount in controversy exceed $75,000.  McDuffy, as the person who filed the suit, has the burden of establishing the facts that permit the exercise of diversity jurisdiction.

What McDuffy has filed thus far gives rise to serious doubts about whether the court has jurisdiction to hear his case.  The amount in controversy appears to be closer to $7,000 than exceeding $75,000.  And it appears that McDuffy and Heins, a Louisiana limited liability company, may share Louisiana citizenship. If either of those is the case, the court lacks jurisdiction and will have to dismiss the case.

Before the court makes a final decision on whether it has jurisdiction, McDuffy will be permitted an opportunity to appear in court and provide facts that establish a basis for diversity jurisdiction.  A hearing will be held on **October 12, 2011** at **2:00 p.m.**, in Courtroom 3, Fourth Floor, United States Court House, 300 Fannin Street, Shreveport LA.

Attorney Joseph Stamey represents Canal and Heins.  He is directed to attempt to gather all necessary information regarding the identity and citizenship of the members of Heins by the time of the hearing, as that is relevant to determining citizenship.  See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

**Mr. McDuffy is strongly encouraged to call Mr. Stamey at (318) 352-4559** as soon as possible to discuss whether this matter may be settled without the need for the hearing. If the parties do settle the matter before the date of the hearing, Mr. Stamey is directed to promptly alert the court to that settlement.  If a settlement is not reached, the parties or their counsel must appear for the hearing, and failure to do so may result in dismissal or other appropriate sanction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of September, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE